A CERTIFIED TRUE COPY
ATTEST

By April Layne on Oct 17, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Oct 17, 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: LIFELOCK, INC., MARKETING
AND SALES PRACTICES LITIGATION     MDL No. 1977

## TRANSFER ORDER

    **Before the entire Panel**: Now before the Panel is a motion brought, pursuant to 28 U.S.C. § 1407, by defendants LifeLock, Inc. (LifeLock) and Richard Todd Davis for coordinated or consolidated pretrial proceedings of the nine actions listed on Schedule A. The motion encompasses two actions in the District of New Jersey and one action each in the District of Arizona, Central District of California, Southern District of Florida, Northern District of Illinois, District of Maryland, Eastern District of Texas, and Southern District of West Virginia.[1]

    Moving defendants seek centralization in the District of Arizona. Plaintiffs in the District of Arizona action, one District of New Jersey action, the related District of Arizona action and the related Central District of California action have responded in support of the motion. Plaintiff in the related Northern District of Illinois action supports centralization but suggests the Northern District of Illinois as the transferee district.

    On the basis of the papers filed and hearing session held, we find that these nine actions involve common questions of fact, and that centralization under Section 1407 in the District of Arizona will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share allegations concerning the marketing, advertising and service guarantee offered by common defendant LifeLock. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification issues; and conserve the resources of the parties, their counsel and the judiciary.

    The District of Arizona stands out as the appropriate transferee forum. Two actions are already pending in the District of Arizona, and both moving defendants, and, with one exception, responding plaintiffs support centralization in this district. Also, given that common defendant LifeLock has its corporate headquarters in Arizona, relevant documents and witnesses will likely be found there.

---

  [1] The parties have notified the Panel of three related actions pending, respectively, in the District of Arizona, the Central District of California and the Northern District of Illinois. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Arizona are transferred to the District of Arizona and, with the consent of that court, assigned to the Honorable Mary H. Murguia for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

J. Frederick Motz           Robert L. Miller, Jr.
Kathryn H. Vratil           David R. Hansen
W. Royal Furgeson, Jr.