Darrell Palmer (CA SBN 125147) - Pro Hac Vice Pending
Janine R. Menhennet (SBN 163501)
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655
Email: darrell.palmer@palmerlegalteam.com

Attorney for Objector Billy Daniels

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE LIFELOCK, INC., MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 08-1977-PHX-MHM<br><br>**OBJECTION OF BILLY DANIELS TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR**<br><br>Date: August 10, 2010<br>Time: 1:30 p.m.<br>Judge: Hon. Mary H. Murguia |

COMES NOW, BILLY DANIELS ("Objector") Class Member to this action, by and through his undersigned counsel, and hereby files these Objections to the Proposed Class Action Settlement, gives notice of his counsel's intent to appear at the August 10, 2010, settlement hearing, and request awards of an incentive fee for serving as unnamed class member objector.

Objector, BILLY DANIELS, represents to the court that he is a Class Member, qualified to make a claim for the proposed relief as set forth in the NOTICE OF CLASS

ACTION SETTLMENT.  His address is 3753 Scenic Way in Oceanside, CA, 92056, but all future documents are to be sent to his counsel of record as listed above.

# I.
## **THE SETTLEMENT IS INADEQUATE AND UNREASONABLE GIVEN THE FTC SETTLEMENT**

Rule 23(e) of the Federal Rules of Civil Procedure provides that before a class action settlement can be approved, the court must determine the settlement is fair, adequate, and reasonable.  The court may balance some or all of the following factors in making this determination:

> "...the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement."

*Linney v. Cellular Alaska Partnership*, 151 F. 3d 1234, 1242 (9th Cir. 1998).

Of particular significance in this case is the presence of a governmental participant.  The Federal Trade Commission ("FTC") filed a complaint against Lifelock alleging violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).  On March 15, 2010, the Honorable Neil Wake entered a final judgment and order for permanent injunction as to Lifelock which was made available on the class action website www.lifelocksettlement.com.  On March 26, 2010 Class Counsel in this case filed a

motion for preliminary approval of a class action settlement after the FTC settlement had been reached.

A comparison between the two settlements shows that the benefits provided in this settlement are almost all available in the FTC settlement. Due to the FTC's involvement and success, Class Members have very little incentive to participate in this settlement because the majority of the relief provided in this settlement is already available to them. In fact, paragraph 26(A) of the Settlement Agreement is word for word the same injunctive relief provided by the FTC's settlement. (Settlement Agreement at 17-18.) There are only a few new provisions in Class Counsel's proposed settlement are not provided for in the FTC settlement. One of them states Lifelock cannot mislead consumers about how it maintains and protects the privacy, confidentiality, or security of any personal information. Although this differs from the FTC settlement, it provides little value. The FTC settlement already requires Lifelock to fully develop and document a new program to secure and protect all consumer information. With the creation of this new program, disclosure on how the consumers' personal information is being secured will no longer be an issue because Lifelock must go to great efforts to protect it.

The remaining provisions require the removal of any arbitration clause in the terms and conditions of Lifelock membership along with the agreement not to enforce any older arbitration agreement. Similarly, Lifelock will be required to remove of any provision prohibiting class members from participating in class actions from the terms and

conditions of Lifelock membership and must not to enforce any older similar provision. (Settlement Agreement at 18.)

The settlement is inadequate and unreasonable given the FTC settlement which provides substantially similar injunctive relief. It is unfair to require Class Members to sacrifice their legal claim to secure the mild benefit provided by this settlement. Furthermore, the Settlement Agreement is misleading because it doesn't explain that a majority of these benefits are already available through the FTC settlement.

## II.

## ATTORNEYS' FEES ARE NOT JUSTIFIED

"In employment, civil rights and other injunctive relief class actions, courts often use a lodestar calculation because there is no way to gauge the net value of the settlement or any percentage thereof." *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1029 (9th Cir. 1998). To calculate the lodestar, the court must first multiply the number of hours reasonably expended by the reasonable hourly rate. *Id.* Both of these figures should be supported with adequate documentation. *Id.* Once the lodestar is calculated, the attorney can request a multiplier or the judge can apply a negative multiplier depending on several factors including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment. *Id.*

As of July 7, 2010 no documentation supporting the fee request has been filed with the court. This Objector is unable to review the lodestar, screen for duplicative efforts, or

determine whether multiplier will be requested. The requested fees are unreasonable without this supporting documentation and this Objector reserves the right to supplement his objection with supplemental briefing.

Beyond the lack of supporting documentation, the benefit provided by this settlement does not justify the requested fees. As previously discussed, the FTC previously came to a settlement providing a substantial portion of the injunctive relief this settlement purports to secure for the Class Members. Anything new this settlement provides is not beneficial to the class and does not fairly compensate the Class Members in exchange for their legal claims against Lifelock. These inadequacies render the settlement unfair and unreasonable. The court should not approve the settlement until these inadequacies are redressed by both Class Counsel and the defendant Lifelock.

## III.

## NOTICE OF JOINDER

Objector joins in with all other well-taken objections filed in this matter.

## IV.

## CONCLUSION

**WHEREFORE**, This Objector respectfully requests that this Court:

A.   Upon proper hearing, sustain these Objections;

B. Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement;

C. Continue the Fairness Hearing until such time that this Objector has had an opportunity to review Class Counsel's Fee Application; and

D. Award an incentive fee to this Objector for its service as a named representative of Class Members in this litigation.

Dated: July 8, 2010

By: _____
Darrell Palmer
Attorney for Objector Billy Daniels

| | |
|---|---|
| 1 | **In Re: LifeLock Inc. Marketing and Sales Practice Litigation**<br>**Case No. 08-MD-01977 (MHM)** |
| 2 | **DECLARATION OF SERVICE** |
| 3 | **STATE OF CALIFORNIA, COUNTY OF SAN DIEGO** |
| 4 | I, Maria V. Carapia, declare as follows: |
| 5 | I am employed with the Law Offices of Darrell Palmer whose address is 603 N. Hwy 101, Suite A, Solana Beach, California 92075. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen (18) and I am not a party to this action. |
| 7 | On July 8, 2010, I caused to be served the following: |
| 8 | |
| 9 | **OBJECTION OF BILLY DANIELS TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR** |
| 10 | |
| 11 | on the interested parties: |
| 12 | **SEE ATTACHED SERVICE LIST** |
| 13 | ___ by placing a copy in an envelope addressed to the addressee as indicated above and personally serving on this day. |
| 14 | ___ by sending a copy via overnight mail. Airbill No. _____. |
| 15-17 | _X_ by placing a copy in an envelope, with postage fully prepaid, for each of the addressees named on the service list for collection and mailing on the above indicated day following the ordinary business practices of our offices |
| 18-20 | ___ by sending a copy via facsimile transmission to the facsimile number(s) indicated above. The facsimile machine I used complied with California Rules of Court, Rule 2003, and no error was reported by machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration. |
| 21-22 | I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 8, 2010, at Solana Beach, California. |

*[Signature]*
Maria V. Carapia

1

## SERVICE LIST

| | | |
|---|---|---|
| 1 | | |
| 2 | ROBERT B CAREY | Attorneys For Class |
| 3 | HAGENS BERMAN ET AL | |
| 4 | 11 W JEFERSON ST STE 1000 | |
| | PHOENIX AZ 85003 | |
| 5 | | |
| 6 | PETER A ANTONUCCI | Attorneys for LifeLock, Inc. |
| | GREENBERG TRAURIG LLP | |
| 7 | 200 PARK AVE STE 3932 | |
| 8 | NEW YORK NY 10166 | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |