IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

In re: Lifelock Inc. Marketing and ) MDL No. 08-1977-MHM-PHX
Sales Practices Litig., )

## OBJECTION TO SETTLEMENT AND ATTORNEY'S FEES

Class member James E. Pentz, 8912 Little Raven Trail, Longmont, CO 80503, hereby objects to the proposed settlement and attorney's fee. Mr. Pentz subscribed to Lifelock during the Class Period.

The settlement does not provide any monetary relief to the class members, even though the Complaint demanded monetary damages. The FTC settlement is the one that provides all of the monetary relief. The injunctive relief provided by this settlement is not worth the $1.9 million that Class Counsel has requested as their fees, let along three times that amount which would be necessary to justify a $1.9 million fee. It is not adequate relief for the class when the aggregate amount in controversy in this case exceeds $250 million.[1]

Class Counsel's attorney's fees must be based upon their lodestar in this non-monetary settlement. *See Perdue v. Kenny A.*, 2010 U.S. LEXIS 3481 (April 21, 2010). Class Counsel's lodestar cannot possibly total $1.9 million in this case that lasted a little over a year from filing to settlement, during which little happened other than *pro hac vice* admissions, motions to remand, and a motion to appoint lead counsel. Objector does not oppose a fee award in the amount of Class Counsel's reasonable documented lodestar in this very modest case. The Court must of course exclude time related to activities that

---

[1] As pointed out at the July 8, 2009 hearing held in this case, the defendants have alleged that the $5 million CAFA threshold was met in Maryland, a mid-sized state. Because this is a 50-state class, and because Maryland is close to the median population for all states with a population of 5.7 million, the damages for all 50 states must be at least $250 million. July 8, 2009 Transcript at p. 14.

did nothing to advance the Class' case, or enhance the settlement recovery, such as pursuing motions to remand.

Mr. Pentz reserves his right to object to Class Counsel's motion for attorney's fees within ten days after it is filed.  FRCP 23(h)(2).

Respectfully Submitted,<br>
James E. Pentz,<br>
By his attorney,<br>
<br>
John J. Pentz, Esq.<br>
Class Action Fairness Group<br>
2 Clock Tower Place, Suite 440<br>
Maynard, MA  01754<br>
Ph: (978) 461-1548<br>
Fax: (978) 405-5161<br>
Clasaxn@earthlink.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 8, 2010 he served a true copy of the foregoing document by first class U.S. mail on each of the counsel listed below:

Peter A. Antonucci, Esq.
Greenberg Traurig LLP
MetLife Building, Room 3932
200 Park Avenue
New York, NY  10166

Robert B. Carey, Esq.
Hagens Berman Sobol Shapiro LLP
11 W Jefferson Street, Suite 1000
Phoenix, AZ  85003

_____
John J. Pentz

2