UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

IN RE: LIFELOCK INC., MARKETING AND SALES PRACTICE LITIGATION

MDL Docket No. 08-1977-PHX-MHM

**OBJECTION TO PROPOSED SETTLEMENT & REQUEST TO APPEAR AND SPEAK AT FAIRNESS HEARING EITHER IN PERSON OR THROUGH AN ATTORNEY**

To The Honorable District Judge:

We, Kris Klinge and Tracey Cox Klinge, are members of the class and object to the proposed settlement that is currently before the Court for the following reasons:

1.  We swear, under penalty of perjury, that we are members of the class because each of us are subscribers of Lifelock identity theft protection services. Neither of us is an employee, officer or director of Lifelock. We are citizens of the United States and a resident of Texas. Neither of us has requested to be excluded from this litigation. We are placing this Objection in the United States mail, postage paid, dated no later than July 9, 2010, as directed by the e-mail informing each of us of the settlement which was received on April 30, 2010 and the instructions on the Lifelock settlement website.

2.  Each of us objects to settlement and request to speak to the Court either in person or through our attorney to voice our objections to the Court:

    (a) The class members are receiving no economic benefits. The supposed benefit to the class is in the form of an Agreed Injunction. In the Agreed Injunction Lifelock does no more than agree to follow current law and not misrepresent its services, this is required of Lifelock under current law. This settlement was reached after the

**OBJECTION TO PROPOSED SETTLEMENT - PAGE 1**

settlement of a case brought against Lifelock by the United States Federal Trade Commission, "FTC" and various state Attorney Generals and any meaningful benefits to class members had already been secured in the FTC settlement. Nothing contained in the purposed Agreed Injunction is substantially different than what Lifelock and individual defendants agreed to in the FTC settlement.

    (b)    While the Court discussed the six factors that a Court should consider in granting preliminary approval to a class settlement, the requirement of consideration is lacking. When considering injunctive relief settlements the court should review the settlement and consider the following:

(1) How much is the injunction worth to the class as a practical matter?

(2) What is the dollar value the relief might yield?

(3) What is the real cost to Lifelock?

(4) Does the injunction do anything more than restate the obligation that Lifelock has under existing law and the obligation Lifelock has under the FTC settlement?

(5) Is the class being asked to give up valuable economic damage claims?

Objectors would submit that the answers to the listed above are:

(1) Very little.

(2) Very little, except for the portion of the settlement concerning arbitration on which no financial value has been placed.

(3) Not much.

(4) No.

(5) Yes.

**OBJECTION TO PROPOSED SETTLEMENT - PAGE 2**

Considering what the class is being asked to give up, and what little benefit the class will receive, the Court should reject the purposed settlement.

3.  The Court should reject the settlement as the only parties to receive any benefit are Class Counsel or alternatively the Court should reduce the requested award of attorney fees substantially.

(a)  The court should base the attorney fees on 20% of the actual class recovery, or value of the injunctive relief to class members

(b)  We object to the attorney fee award in this case because it amounts to unjust enrichment. Although 25% is a "benchmark", the actual recovery should depend on the work expended, the time consumed and the results obtained. "Any single rate, however, is arbitrary and cannot capture variations in class actions' valuations." MANUAL FOR COMPLEX LITIGATION, FOURTH §14.121, p. 188. However, "[c]alibrating the amount of attorney fees to a reasonable share of the benefits of a class settlement . . . is an appropriate and effective means of . . .preventing abuses of the class action device." For instance, "a fee award. . .limited to a reasonable percentage of the coupons actually redeemed may eliminate the worst coupon settlement abuses." (*Supra* §14.11, p. 184).

Objectors further reserve the right to comment further on the fee request after Class Counsel file their fee request.

We intend to hire an attorney prior to the Fairness Hearing. I intend to appear personally and through counsel at the hearing and wish to speak. I wish to incorporate in this objection the valid objections made by other objectors.

Case 2:08-md-01977-MHM   Document 191   Filed 07/12/10   Page 4 of 5

Objectors pray that the Court not approve the current proposed settlement, or modify it as requested above, and that the Court grant objectors any other relief that the Court may deem proper.

Respectfully submitted,

*[signature: Kris Klinge]*
Kris Klinge
3132 State Street. Apt E
Dallas, Texas  75204
(214) 686-9771

*[signature: Tracey Cox Klinge]*
Tracey Cox Klinge
3132 State Street. Apt E
Dallas, Texas  75204
(214) 686-9771

OBJECTION TO PROPOSED SETTLEMENT - PAGE 4

## CERTIFICATE OF SERVICE

We hereby certify that a copy of the above and foregoing document has been served upon the Clerk of the Court, Peter A. Antonucci and Robert B. Carey as outlined on page 12 of the Notice by regular mail delivery on _July 9 2010_:

Clerk of the United States District Court for the District of Arizona
Sandra Day O'Connor U. S. Courthouse
401 W. Washington Street, Suite 130, SPC 1
Phoenix, AZ 85003-2218

Peter A. Antonucci
Greenberg Traurig LLP
Met Life Building, Room 3932
200 Park Avenue
New York, NY 10166

Robert B. Carey
Hagens Berman Sobol Shapiro LLP
11 W. Jefferson Street, Suite 1000
Phoenix, AZ 85003

_____
Tracey Cox Klinge

_____
Kris Klinge