1

**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

2

3

4    Pamela M. Overton, SBN 009062; overtonp@gtlaw.com
     Kristine K. Campbell, SBN 021876; campbellk@gtlaw.com

5

6    Peter A. Antonucci (admitted *pro hac vice*); antonuccip@gtlaw.com
     Greenberg Traurig, LLP
     200 Park Avenue

7    New York, New York 10166

8    Luanne Sacks (admitted *pro hac vice*); luanne.sacks@dlapiper.com
     DLA Piper LLP (US)

9    555 Mission Street, Suite 2400
     San Francisco, California 94105-2933

10

11   *Attorneys for Defendant LifeLock, Inc.*

12                    IN THE UNITED STATES DISTRICT COURT

13                        FOR THE DISTRICT OF ARIZONA

14

15   | IN RE LIFELOCK, INC. MARKETING AND | MDL Docket No. 08-1977-MHM-PHX |
     | SALES PRACTICES LITIGATION | |

16

17   **DECLARATION OF LUANNE SACKS IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT AND ORDER OF DISMISSAL**

18

19

20

21

22

23

24

25

26

WEST\22087143.2

I, Luanne Sacks, declare:

1.      I am an attorney at law duly licensed to practice before the courts of the State of California, and admitted *pro hac vice* to practice in this Court for the above-captioned action (the "MDL Proceedings"). I am also a partner in the law offices of DLA Piper LLP (US), attorney of record for defendants LifeLock, Inc. and Richard Todd Davis (collectively, "LifeLock"). I have personal knowledge of the matters set forth in this Declaration. If called as a witness, I could and would competently testify thereto.

2.      I have more than twenty-five years of litigation experience and have defended dozens of class actions. As in the present case, many of these cases were consumer class actions. I am also the co-chair of my firm's Class Action Practice group, and I regularly speak at seminars regarding class actions. Attached hereto as **Exhibit 1** is a true and correct of a summary biography describing my experience in defending class actions.

3.      Based on my experience with similar consumer class actions, I believe that the parties' Settlement Agreement (a true and correct, executed copy of which is attached hereto as **Exhibit 2**) is fair, adequate, reasonable, and appropriate. This conclusion is based on what I have learned regarding the strengths and weaknesses of the parties' respective claims, defenses, and evidence from the substantial investigation that my firm and the Greenberg Traurig, LLP firm have made of the law and facts related to this action, and the discovery and depositions that LifeLock has obtained from the plaintiffs in the consolidated MDL Proceedings and in the related state-court actions – *Gerhold v. LifeLock, Inc.*, Circuit Court of Jackson County, West Virginia, Civil Action No. 08-C-69; *Falke v. LifeLock, Inc.*, Circuit Court for Washington County in Maryland, Civil Action No. 21-C-08-30505CN; and *Rapp v. LifeLock, Inc.*, Circuit Court of Jackson County, West Virginia, Civil Action No. 08-C-69 (collectively, "the Related State Court Actions."). The response of the Settlement Class further confirms the fairness of the

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

1  settlement in that less than .01% of the Class opted out and less than .001% submitted

2  objections.  Finally, no objection or opposition to the settlement has been raised by any of

3  the 57 government officials who received timely, direct notice of the settlement consistent

4  with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1711 *et seq.*

5  ("CAFA").

6      4.      LifeLock believes that it has valid defenses in law and fact to the claims

7  asserted in these proceedings.  For example, LifeLock believes that the testimony the

8  named plaintiffs provided during their depositions warrants a denial of class certification

9  and summary judgment.  From the investigation of the legal issues in this litigation and

10 the discovery obtained, LifeLock has also concluded, however, that further litigation

11 could be protracted and expensive for all parties and that settlement would therefore be

12 desirable.  Specifically, from LifeLock's perspective, this testimony demonstrates:  (1)

13 they each saw and/or heard different LifeLock advertisements before enrolling; (2) some

14 admitted they were not misled by LifeLock; (3) those who claimed reliance did so based

15 on differing verbal or written representations by LifeLock; (4) some admitted they were

16 satisfied with LifeLock's services; (5) those who voiced dissatisfaction did so for differing

17 reasons; (6) some admitted they were not damaged; and (7) those who claimed damages

18 did so based on differing theories.

19     5.      The amount of discovery – both formal and informal – the parties have

20 exchanged is sufficient to allow them to evaluate and enter into this settlement.

21 Specifically, LifeLock has deposed the five plaintiffs named in the Master Complaint –

22 Messers. Lane, Vega, Sbalcio, and Dr. Blake and Mrs. Blake – as well as the two named

23 plaintiffs in the related Maryland action, *Falke v. LifeLock, Inc.*  In addition, in the course

24 of the parties' settlement discussions, LifeLock informally provided Plaintiffs with a

25 number of different materials, as detailed in the Declaration of Pamela M. Overton filed

26 concurrently herewith, including information regarding its subscriber base, income and

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA  85016
(602) 445-8000

1   revenue, advertising expenses, and fulfillment of claims under its $1 million Service

2   Guarantee. Additionally, LifeLock confirmed for Plaintiffs that no valid claim under the

3   Service Guarantee has ever been denied.

4         6.     The proposed settlement is the product of almost a year of arm's length

5   bargaining between counsel. I participated in all settlement communications with Class

6   Counsel from the time I was retained in early October, 2010. Also, I was regularly

7   informed of the status of the separate, concurrent settlement discussions among

8   LifeLock's counsel and the FTC and AGs. In conjunction therewith, I was also advised

9   that both the FTC and AGs were specifically aware of both the pendency and status of the

10   class action cases in the MDL Proceedings.

11         7.     On or about November 25, 2009, LifeLock received a written settlement

12   demand from Class Counsel on behalf of the plaintiffs in the MDL Proceedings. Shortly

13   after, on December 4, 2009, LifeLock provided a counteroffer, which included a detailed

14   description of what LifeLock was willing to offer putative class members. On

15   December 15, 2009, Class Counsel rejected that counteroffer, but negotiations continued.

16         8.     On February 19, 2010, Mr. Antonucci, Ms. Overton and I met with Class

17   Counsel, Robert Carey and Leonard Aragon, for several hours to further discuss

18   settlement. During this meeting, we informed Class Counsel that LifeLock had reached

19   an agreement with the FTC and the participating AGs regarding terms of a settlement that

20   would afford LifeLock's subscribers with substantial monetary relief – an $11 million

21   fund available for consumer redress – as well as far-reaching injunctive relief. We also

22   informed Class Counsel that 35 AGs had agreed to participate in the FTC settlement. As

23   Class Counsel agreed, the FTC settlement would provide significant monetary relief as

24   well as injunctive relief to the putative class members in the MDL Proceedings and the

25   Related State Court Actions. Consequently, LifeLock opined that there would be no need

26   for further class action litigation.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

9.      During this meeting, we also provided case authority to Class Counsel supporting LifeLock's position that the likelihood of success in securing certification pursuant to Federal Rule of Civil Procedure ("Rule") 23(b)(3) would be reduced as a result of the FTC settlement.  Specifically, we contended that class status was not a "superior" means of adjudicating absent class members' rights because of the remedies already obtained through the FTC and AG regulatory proceedings.

10.      During this February 19 meeting, the parties' counsel also discussed the tentative outline of an agreement for conferring substantive benefits beyond the consumer redress program to be administered by the FTC.  Those discussions contemplated that the putative class members would receive the right to personally enforce each of the injunctive provisions contained in the FTC settlement, which right consumers would not otherwise have on the basis of the FTC settlement alone.  Additionally, LifeLock would agree to injunctive relief specifically directed to two provisions of LifeLock's Terms and Conditions of membership that had not been the subject of the FTC or the AG investigations or settlement negotiations but were challenged by the putative class:  (1) the mandatory arbitration provision regarding all disputes with subscribers; and (2) the prohibition against prosecution of any class action claims against it.  This injunctive relief would be appropriate for certification under Rule 23(b)(2), which unlike Rule 23(b)(3) does not require a showing of superiority.  The parties did not reach an agreement during this meeting, but agreed to discuss the proposal further over the next week.  Between February 19 and February 26, I spoke and communicated by electronic mail with Mr. Carey on several occasions regarding various aspects of a possible settlement structure.

11.      On February 25, 2010, the parties met again.  This meeting was attended by Messrs. Carey and Aragon – on behalf of the Plaintiffs; Mr. Antonucci, Ms. Overton, and myself – on behalf of LifeLock; as well as by LifeLock's Senior Vice President, General Counsel & Secretary, Ms. Clarissa Cerda.  In addition to further discussing the substantive

terms of the proposed settlement, we agreed that it would ultimately be beneficial to resolve all claims in the MDL Proceedings as well as in the Related State Court Actions in a single, nationwide settlement if possible.  Mr. Carey agreed that he would seek the participation and cooperation from counsel in the Related State Court Actions if the parties ultimately reached agreement on substantive terms.

12.    At the conclusion of this meeting, the parties agreed on the benefits to be incorporated into the settlement, including that the settlement would be expressly conditioned on the payment of $11 million by LifeLock to the FTC for use as consumer redress under the FTC settlement.  The parties further agreed that LifeLock would be bound directly to class members for all of the injunctive relief contemplated under the FTC settlement.  And as final consideration, LifeLock agreed not to prohibit class action litigation nor to require arbitration of disputes with class members, the two additional injunctive remedies discussed by the parties in their meeting.

13.    It was only after we reached an agreement on these terms, as well as on the scope and terms of the notice to be provided that the parties discussed the potential amount of attorney's fees, costs and incentive, awards to be provided under the settlement. In fact, I prepared and provided to Class Counsel a written term sheet, outlining the substantive provisions of the settlement, before I proffered and he accepted, on behalf of our respective clients, the $1.9 million attorney fee, cost and incentive award.

14.    Following execution of the term sheet, the parties prepared a formal settlement document, which culminated in the execution of the Settlement Agreement, attached as **Exhibit 2**.  I estimate that the parties' counsel spent more than twenty hours in telephonic and e-mail negotiation regarding the precise language of this agreement.

15.    The Settlement Class is receiving the injunctive remedies it specifically requested in pleadings filed in the MDL Proceedings and the Related State Court Actions. For example, in *Dillon,* one of the cases consolidated in the MDL Proceedings, the

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

AW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

1   plaintiff alleged that LifeLock should be enjoined from issuing advertisements that

2   suggested that it provided protection against all forms of identity theft.  The Settlement

3   Agreement specifically provides that LifeLock is prohibited from advertising any product,

4   service or program as "provid[ing] complete protection against all forms of identity theft."

5   Similarly, LifeLock is prohibited under the terms of the Settlement Agreement from

6   "misrepresenting in any manner the means or extent to which it maintains and protects the

7   privacy, confidentiality, or security of any personal information collected from its

8   subscribers."  The *Dillon* Complaint seeks precisely that injunctive relief.  Furthermore,

9   LifeLock is enjoined under the Settlement Agreement from enforcing the arbitration

10  provision and the prohibition against class actions recited in its Terms and Conditions,

11  which injunction was requested explicitly in, among others, the *Falke* Complaint and the

12  *Dillon* Complaint.  Neither the FTC nor the AGs examined these contractual provisions

13  during their investigations nor were they the subject of the injunctive relief included in the

14  FTC or AG settlements.

15          16.     I attended this Court's April 12, 2010 hearing on the parties' joint Motion

16  For Preliminary Approval Of Class Action Settlement, Approval Of Class Notice, And

17  Conditional Certification Of Settlement Class.  Attached hereto as **Exhibit 3** is a true and

18  correct copy of the transcript of that hearing.

19          17.     Based on the foregoing, I respectfully submit that the Court should enter an

20  order granting final approval of the settlement and enter final judgment.  A proposed form

21  /////

22  /////

23  /////

24  /////

25  /////

26  /////

of judgment and order of dismissal is attached hereto as **Exhibit 4**. The parties and their counsel have approved this order.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of July, 2010, at San Francisco, California.

/s/ Luanne Sacks

LUANNE SACKS

1

## CERTIFICATE OF SERVICE

2

3    ☒      I hereby certify that on July 30, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4    Notice of Electronic filing to the following CM/ECF registrants:

5          Robert B. Carey, rcarey@hbsslaw.com
           Leonard W. Aragon, leonard@hbsslaw.com

6          Edward H. Britt, ebritt@brittlawgroup.com

7          Ryan Skiver, rskiver@brittlawgroup.com

8          George K. Lang, george@freedweiss.com

9          David S. Paris, david@marksklein.com

10         Patrick Howard, phoward@smbb.com

11         Joel Grant Woods, gw@grantwoodspc.net, sharonb@grantwoodspc.net

12         Steve W. Berman, steve@hbsslaw.com, heatherw@hbsslaw.com

13         Justin M. Klein, justin@marksklein.com, joanne@marksklein.com

14         Simon Bahne Paris, sparis@smbb.com, cdfonda@smbb.com, jrose@smbb.com

15         Thomas A. Zimmerman, Jr tom@attorneyzim.com

16         William F. Murphy, wfm@wirepaladin.com, slm@dillinghammurphy.com

17         Michael P. Cross, mcross@earthlaw.com, agostnell@earthlaw.com

18         Stuart McKinley Paynter, stuart@smplegal.com

19         Jonathan Shub, jshub@seegerweiss.com

20         Nina D Boyajian boyajiann@gtlaw.com

21         Leif D Garrison lgarrison@earthlaw.com, gbeck@careylaw.com

22         Christine Marie Fox cfox@kaplanfox.com

23         Laurence D King lking@kaplanfox.com, agutierrez@kaplanfox.com

24         TerriAnne Benedetto tbenedetto@seegerweiss.com

25

26

1   ☒      I hereby certify that on July 30, 2010, I served the attached document via U.S. Mail
    on the following, who are not registered participants of the CM/ECF System:

2

3       Honorable Mary H. Murguia
        United States District Court
        Sandra Day O'Connor U.S. Courthouse, Suite 525
4       401 West Washington Street, SPC 53
        Phoenix, AZ 85003-2154

5

6                                              /s/  Tammy Mowen

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000