1   HAGENS BERMAN SOBOL SHAPIRO LLP
Robert B. Carey #011186
2   Leonard W. Aragon #020977
11 West Jefferson Street, Suite 1000
3   Phoenix, Arizona 85003
Telephone: (602) 840-5900
4   Facsimile: (602) 840-3012
E-Mail: rcarey@hbsslaw.com
5          leonard@hbsslaw.com

6   HAGENS BERMAN SOBOL SHAPIRO LLP
Steve W. Berman (pro hac vice)
7   1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
8   Telephone: (206) 623-7292
Facsimile: (206) 623-0594
9   E-Mail: steve@hbsslaw.com

10

Interim Lead Counsel for Plaintiffs
11

[Additional counsel listed on signature page]
12

13

14

15        **IN THE UNITED STATES DISTRICT COURT**

16             **FOR THE DISTRICT OF ARIZONA**

17

| IN RE LIFELOCK, INC., MARKETING AND SALES PRACTICES LITIGATION | MDL Docket Civ. No. 2:08-md-01977 ALL CASES |
|---|---|
| | |
| | **DECLARATION OF BYRL LANE** |
| | |
| | (Assigned to Honorable Mary Murguia) |

18

19

20

21

22

23

24

25

26

27

28

STATE OF ARIZONA      )
                          ) ss.

COUNTY OF MARICOPA   )

I, Byrl Lane, pursuant to 28 U.S.C §1746, on oath, depose and state as follows:

1.      My name is Byrl Lane.  I am a settlement class representative in the case captioned *In re LifeLock, Inc. Marketing and Sales Practice Litigation*, MDL Docket No. 08-1977-MHM-PHX, United States District Court, District of Arizona.  I am also a licensed attorney in the State of Arizona.

2.      The Court appointed me as a Settlement Class Representatives on April 16, 2010.

3.      As a Settlement Class Representative, I understand that I represent all LifeLock subscribers who did not opt out of the settlement.

4.      Prior to the submission of the settlement to this Court, I reviewed the settlement agreement between LifeLock and the other plaintiffs that was presented to the Court on March 26, 2010.

5.      I believed and continue to believe that the settlement is fair, reasonable and adequate, and signed the settlement on March 25, 2010.

6.      The injunctive relief prohibiting LifeLock from requiring members to arbitrate disputes is beneficial to myself and the settlement class because we should be able to file claims in a traditional court if we so chose.  We should not be forced to participate in the arbitration process because it can be expensive and difficult, especially for small claims, and would likely require members to hire an attorney.  I would not object to arbitration being an option, rather than a requirement.

7.      Similarly, the injunctive relief prohibiting LifeLock from prohibiting members to participate in class actions is beneficial to the settlement class because it allows us to file claims against LifeLock even though our individual claims are so small that it would be too costly to pursue individually.

8.      After this lawsuit was filed, LifeLock completely changed its business practices.  The changes in LifeLock's business practices addressed many of the concerns alleged in the complaint, such as false advertising and misrepresentations regarding LifeLock's service guarantee.  I am happy with the changes LifeLock made and believe that they are in the best interest of its members.

9.      I have reviewed the objections filed by Objectors Daniels, Pentz and the Klinges.  I believe each objection is without merit.  The benefits to the class are significant.  Most notably, LifeLock quit doing the things that gave rise to the complaint.  The fact that a government agency also reached a settlement with LifeLock ignores the fact that our suit was a catalyst for that settlement.  It also ignores the significant changes made by LifeLock to remedy the exact allegations in the complaint.  As such, I believe that the settlement is fair, reasonable, and adequate.


Dated this 30th day of July, 2010.


By: Byrl Lane